IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BAY CIRCLE PROPERTIES, LLC, ) | Chapter 11 |
| ) | Case No. 15-58440-wlh |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | |
| DCT SYSTEMS GROUP, LLC, ) | Chapter 11 |
| ) | Case No. 15-58441-wlh |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | |
| SUGARLOAF CENTRE, ) | Chapter 11 |
| ) | Case No. 15-58442-wlh |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | |
| NILHAN DEVELOPERS, ) | Chapter 11 |
| ) | Case No. 15-58443-wlh |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | |
| NRCT, LLC, ) | Chapter 11 |
| ) | Case No. 15-58444-wlh |
| Debtor. ) | |
| ) | |

**MOTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO
<u>RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

Wells Fargo Bank, National Association ("**Lender**"), the senior secured creditor of Debtors

Bay Circle Properties, LLC ("**Bay Circle**"), DCT Systems Group, LLC ("**DCT**"), Sugarloaf Centre,

LLC ("**Sugarloaf**"), Nilhan Developers, LLC ("**Nilhan Developers**"), and NRCT, LLC ("**NRCT**" and, together with Bay Circle, DCT, Sugarloaf and Nilhan Developers, collectively, the "**Debtors**"), moves the Court to enter the Order substantially in the form attached hereto as <u>Exhibit A</u> (the "**Joint Administration Order**") authorizing joint administration of the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") pursuant to section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

In support of this Motion, Lender states as follows:

**I.    Parties, Jurisdiction and Venue**

1. On May 4, 2015 (the "**Petition Date**"), each of the Debtors filed a Voluntary Petition for relief under the Bankruptcy Code commencing the Chapter 11 Cases. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their respective assets and are authorized to continue the operation and management of their respective businesses as debtors-in-possession.

2. The Court has jurisdiction over this matter and over the Debtors pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue over is proper over these cases in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Motion constitutes a core proceeding which may be heard and determined by the Court pursuant to 28 U.S.C. § 157(b).

**II.    Background**

5. On or about April 30, 2013, Chittranjan K. Thakkar ("**Thakkar**") and his wife Saloni Chittranjan Thakkar ("**Mrs. Thakkar**"), jointly and severally, made an Amended, Restated and Consolidated Promissory Note [Individual Loan Note] dated April 30, 2013, payable to the order of

Lender in the original principal amount of $12,910,000 (the "**Individual Loan Note**").[1]

6. On or about April 30, 2013, Lender, Niloy, Inc. ("**Niloy**") and Nilhan Financial, LLC ("**Nilhan Financial**"), jointly and severally made an Amended, Restated and Consolidated Promissory Note [Company Loan Note] dated April 30, 2013, payable to the order of Lender in the original principal amount of $19,750,000 (the "**Company Loan Note**").

7. In connection with the Individual Loan Note and Company Loan Note (collectively, the "**Notes**"), Thakkar, Mrs. Thakkar, Niloy and Nilhan Financial, as borrowers (in such capacity, "**Borrowers**"), became parties with Lender to a certain Amended and Restated Loan Agreement dated April 30, 2013 (the "**Loan Agreement**").

8. Each Debtor unconditionally guaranteed all obligations of Borrowers to Lender (collectively, the "**Obligations**"), including, without limitation, the indebtedness owed under the Notes, pursuant to certain Continuing Guaranty or Amended and Restated Continuing Guaranty agreements executed by each Debtor in favor of Lender dated April 30, 2013.

9. The Obligations are secured by, among other collateral, security title to five (5) properties pursuant to seven (7) deeds to secure debt.

10. The Obligations are further secured by all or substantially all of each Debtors' personal property (collectively, the "**Personal Property**") pursuant to certain Security Agreements or Amended and Restated Security Agreements executed by each Debtor each dated April 30, 2013.

11. Lender perfected its security interests in the Personal Property by filing UCC-1 financing statements against each of the Debtors.

12. The Debtors filed the Chapter 11 Cases on the eve of Lender's scheduled foreclosure

---

[1] Upon information and belief, the equity interests of each Debtor are held directly or indirectly by Thakkar and Mrs. Thakkar or their children. *See* Voluntary Petitions [Doc 1 in each of the Chapter 11 Cases]. Thakkar apparently acts as the manager of each of the Debtors. *Id.*

sales in order to stay the foreclosure sales.

**III.     Relief Requested and Basis for Relief Requested**

13.     By this Motion and pursuant to Bankruptcy Rule 1015(b), Lender requests that the Court direct the joint administration of these Chapter 11 Cases for procedural purposes only.

14.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f…two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as defined under Section 101(2) of the Bankruptcy Code based on the common ownership of the equity interests of Debtors, and each Debtor described each other Debtor as an affiliate in its Voluntary Petition.  Accordingly, this Court is authorized to consolidate these cases for procedural purposes.

15.     Lender anticipates that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect all of the Debtors.  With each of the Debtors having its own case docket, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be extremely wasteful.

16.     Joint administration of these cases will permit the clerk of the Court to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint administration also will protect parties in interest by ensuring, in each of the cases, that parties in interest will be apprised of the various matters before the court in each of the cases.

17.     Because joint administration of these cases will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders, the Debtors and their respective estates will save substantial time and expense.  Furthermore, joint administration will relieve the Court of

the need to enter duplicative orders and to maintain duplicative files and dockets.  The United States Trustee for the Northern District of Georgia (the "**U.S. Trustee**") and other parties in interest will similarly benefit from the joint administration of these Chapter 11 Cases by sparing them the time and effort of reviewing duplicative pleadings and papers.

18. Joint administration will not adversely affect any creditors' rights because, through this motion, Lender only requests the administrative consolidation of these related cases, not substantive consolidation (but Lender does not waive any right it may have to seek substantive consolidation of the Chapter 11 Cases as a later date).  Therefore, each creditor of any specific Debtor may still file and pursue its claim against the estate of that Debtor.

19. The joint administration of affiliated debtors' Chapter 11 Cases for procedural purposes has been permitted in many other Chapter 11 Cases in this Court.

20. Lender respectfully requests that the official caption to be used by all parties on all pleadings filed in these jointly administered cases be as follows:

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BAY CIRCLE PROPERTIES, LLC, et al. [fn1] | ) | Case No. 15-58440-wlh |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

Fn1:  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Bay Circle Properties, LLC (1578), DCT Systems Group, LLC (6978), Sugarloaf Centre, LLC (2467), Nilhan Developers, LLC (6335), and NRCT, LLC (1649).

21. The use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniform means of identifying pleadings.

22. Lender requests that an entry reflecting joint administration in the form substantially

similar to that set forth below be made on the docket of each of the Debtors' cases:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Bay Circle Properties, LLC, DCT Systems Group, LLC, Sugarloaf Centre, LLC, Nilhan Developers, LLC, and NRCT, LLC. The docket in Case No. 15-58440-wlh should be consulted for all matters affecting this case.

23.     Based on the foregoing, Lender submits that the relief requested is appropriate and in the best interests of their respective estates and creditors and that the Motion should be granted.

**IV.     Notice**

24.     Lender will serve notice of this Motion on the Debtors, the U.S. Trustee and the creditors holding the 20 largest unsecured claims against each Debtor's estate. Lender submits that, under the circumstances, no other or further notice need be provided.

WHEREFORE, Lender respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

[Signature on following page.]

Respectfully submitted, this 13th day of May, 2015.

          **PARKER, HUDSON, RAINER & DOBBS LLP**


          By: /s/ *James S. Rankin, Jr.*
              C. Edward Dobbs
              Georgia Bar No. 223450
              James S. Rankin, Jr.
              Georgia Bar No. 594620
              Joshua J. Lewis
              Georgia Bar No. 303211
          1500 Marquis Two Tower
          285 Peachtree Center Avenue NE
          Atlanta, Georgia  30303
          (404) 523-5300
          ced@phrd.com
          jrankin@phrd.com
          jlewis@phrd.com

                *-and-*

          **SMITH HULSEY & BUSEY**
          Michael E. Demont
          Whitney K. McGuire
          225 Water Street, Suite 1800
          Jacksonville, Florida 32202
          (904) 359-7700
          (904) 359-7708 (facsimile)
          mdemont@smithhulsey.com
          wmcguire@smithhulsey.com

          *Attorneys for Wells Fargo Bank, National Association*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *MOTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE* was served via the Court's Case Management/Electronic Case Filing system upon all parties entitled to receive notice in this case and via United States First-Class Mail on the parties shown below:

Bay Circle Properties, LLC
John A. Christy, Esq.
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street
Suite 800
Atlanta, GA 30309-4516

Bay Circle Properties, LLC
6100 Peachtree Industrial Boulevard
Norcross, GA 30071-5721

NRCT, LLC
6100 Peachtree Industrial Blvd
Norcross, GA 30071-5721

DCT Systems Group, LLC
6100 Peachtree Industrial Blvd
Norcross, GA 30071

Sugarloaf Centre, LLC
6100 Peachtree Industrial Blvd
Norcross, GA 30071-5721

Nilhan Developers, LLC
6100 Peachtree Industrial Blvd
Norcross, GA 30071-5721

Office of the United States Trustee
362 Richard Russell Bldg.
75 Spring Street
Atlanta, GA 30303

Thomas W. Dworschak, Esq.
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

Taylor Law Offices, LLC
4880 Lower Roswell Road
Atlanta, GA 30068

D&G Construction Management, LLC
6400 Powers Ferry Road
Suite 350
Atlanta, GA 30339

LeCraw Engineering
4320 Suwanee Dam Road
Suite 1400
Suwanee, GA 30024

City of Smyrna Utilities
P.O. Box 116296
Atlanta, GA 30068

Cobb County Water System
P.O. Box 580440
Charlotte, NC 28258

Georgia Power Company
96 Annex
Atlanta, GA 30396

Nilhan Financial, LLC
6050 Peachtree Industrial Blvd.
Norcross, GA 30071

Russell Landscape, LLC
P.O. Box 2019
Dacula, GA 30019

Service Master
P.O. Box 670053
Marietta, GA 30066

Taylor Law Offices, LLC
4880 Lower Roswell Road
Atlanta, GA 30068

Gwinnett County Water Resources
P.O. Box 530575
Atlanta, GA 30353

AT&T
P.O. Box 105262
Atlanta, GA 30348

Norcross Hospitality
6050 Peachtree Industrial Blvd.
Norcross, GA 30071

Niloy, Inc.
6100 Peachtree Industrial Blvd
Norcross, GA 30071-5721
.

    This 13th day of May, 2015.

                                        */s/ Joshua J. Lewis*
                                        Joshua J. Lewis
                                        Georgia Bar No. 303211