IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BAY CIRCLE PROPERTIES, LLC, *et al.*,[1] | ) | Case No. 15-58440-wlh |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## NOTICE OF DEFAULT REGARDING SETTLEMENT AGREEMENT

Bay Point Capital Partners, LP, as assignee of Wells Fargo Bank, N.A. ("Bay Point"), hereby provides Notice of the Occurrence of an Event of Default under that certain Order Approving Settlement Agreement, dated January 13, 2016 [Doc. No. 302] (the "Settlement Order").  Although the Settlement Order provides that Bay Point is already granted relief from stay in the Debtors' bankruptcy cases, Bay Point files this notice and seeks entry of the attached proposed order out of an abundance of caution.

## EVENT OF DEFAULT

The Settlement Agreement, dated November 18, 2015 [Doc. No. 277-1] (as amended by that certain First Amendment to Settlement Agreement, dated January 8, 2016, the "Settlement Agreement"), provides, in relevant part at paragraph 10(C)(i)(b) that "Debtors shall make the required Monthly Adequate Protection Payment to Lender each month, on the twenty-fifth day of each month."  Section 2(A) of the Settlement Agreement defines "Monthly Adequate Protection Payment" as "the monthly payment to be made by Debtors to Lender, which commenced on August 25, 2015, and is to continue on the twenty-fifth day of each month thereafter in the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Bay Circle Properties, LLC (1578), DCT Systems Group, LLC (6978), Sugarloaf Centre, LLC (2467), Nilhan Developers, LLC (6335), and NRCT, LLC (1649).

amount provided in the Cash Collateral Order."  Section 2(A) of the Settlement Agreement also defines an Event of Default, in relevant part, as follows: "the existence or occurrence of any of the following events or conditions: (i) Debtors fail duly and punctually to pay **any of** the Monthly Adequate Protection Payments on or within ten (10) days after the due date thereof or Debtors are otherwise in default of the Cash Collateral Order." (*emphasis added*)

The Cash Collateral Order, dated November 21, 2015 [Doc. No. 242] (the "Cash Collateral Order") provides at paragraph 8, as follows:

> On or before the 25th day of each calendar month during the Cash Collateral Period, each Debtor shall make an adequate protection payment to Lender in immediately available funds in the amount equal to the sum of the aggregate income actually received by such Debtor during the preceding calendar month less (a) the aggregate expenses actually paid by such Debtor during such month, and (b) any funds escrowed during such month for taxes and insurance, in each case as authorized pursuant to this Order.

Cash Collateral Order, ¶ 8.

On June 1, 2016, Debtors submitted what was purported to be the Monthly Adequate Protection Payment to Bay Point in the total amount of $28,173.67.  This was within the 10-day grace period contained in the definition of Event of Default.  However, on June 21, 2016, counsel for the Debtors notified counsel for Bay Point that an error had been made in calculating the Monthly Adequate Protection Payment and that a subsequent additional payment in the amount of $28,425.29 was being sent to Bay Point.  This payment was substantially past the 10-day grace period provided in the definition of Event of Default and totaled **more than half** of the required Monthly Adequate Protection Payment.  As such, an Event of Default under the Settlement Agreement has occurred.

2

# THE SETTLEMENT ORDER

The Settlement Order provides in paragraph 3, in relevant part, as follows:

> Upon or after the occurrence of an Event of Default under the Settlement Agreement, the automatic stay imposed by Section 362 of the Bankruptcy Code shall automatically terminate and Wells Fargo shall be fully authorized, in its sole discretion and without further notice or demand upon any Person except as may otherwise be required by applicable law, to take all action under the Documents, the Settlement Agreement or applicable law that it may deem necessary or appropriate to collect the Obligations, foreclose upon any of its Liens or otherwise enforce any of the Documents or Settlement Agreement, including, without limitation, **by recording any or all of the Deeds in Lieu** in the manner and to the extent set forth in the Settlement Agreement, to foreclose its Liens upon any or all of the Encumbered Property, to seek (or to decline to seek) confirmation of any foreclosure sale of Encumbered Property, and to seek appointment of a receiver for any or all of the Encumbered Property (subject to the provisions of Paragraph 12(B) of the Settlement Agreement, all as if these Cases or any superseding Chapter 7 case were not pending.

Settlement Order, ¶ 3 (*emphasis added*).

Further, the Settlement Agreement[2] provides, in relevant part, at paragraph 12(B), as follows:

> Each Loan Party agrees that, upon the occurrence of an Event of Default, (i) the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code shall be automatically lifted, and Lender shall be entitled to immediate entry of order by the Bankruptcy Court in each Bankruptcy Case substantially in the form of **Exhibit F** confirming such relief from that automatic stay…(ii) Lender shall be entitled to immediate entry of orders by the Bankruptcy Court confirming Lender's relief from stay without the necessity of Lender filing a motion seeking such relief, an evidentiary hearing

---

[2] Bay Point and each Loan Party subsequently entered into the Second Amendment to Settlement Agreement, dated April 7, 2016 (the "Second Amendment"). The Second Amendment was never presented to this Court for approval and it does not alter the material terms of the Settlement Agreement that are discussed herein.

3

> and establishing or proving the value of any property at issue, the lack of adequate protection of its interests in any property at issue, or the lack of equity in any property at issue; (iii) the orders lifting the automatic stay by the Bankruptcy Court shall be deemed to be "for cause" pursuant to Section 362(d)(1) of the Bankruptcy Code.

Settlement Agreement, ¶ 12(B). The proposed order attached to this notice as Exhibit A is substantially in the form of the Stay Relief Order that was attached to the Settlement Agreement as Exhibit F.

Bay Point acquired Wells Fargo's interest in Debtors' Obligations (as defined in the Settlement Order) pursuant to that certain Loan Purchase and Sale Agreement, dated March 23, 2016 (the "Loan Purchase Agreement"), and approved by this Court in that certain Order Approving Debtors' Execution, Delivery and Performance of Loan Purchase and Sale Agreement, dated April 11, 2016 [Doc. No. 355] (the "Loan Sale Order"). Pursuant to the Loan Purchase Agreement and the Loan Sale Order, Bay Point is the assignee of all of Wells Fargo's interests in the Obligations that are due and owing by, among others, the Debtors.

## NOTICE OF DEFAULT

Bay Point is not aware of any notice that is required under the Settlement Agreement concerning the above referenced Event of Default. However, Bay Point elected to provide notice of the above referenced Event of Default by letter dated July 1, 2016. In response to the default notice letter, counsel for the non-debtor borrowers indicated her client's disagreement on the issue of whether an Event of Default had taken place. Further, counsel for Debtors, John Christy, responded by stating that "filing of the DIL's would be a contempt of the order approving the loan sale, apart from the cash collateral order, for which the Debtors would seek

4

appropriate redress against all who were involved in the decision making process and the recordation of the DIL's."

Despite what appears to be a clear Event of Default, Debtors and non-debtor loan parties appear to challenge the validity of the Event of Default, have threatened to bring contempt proceedings if Bay Point exercised the rights and remedies granted to it by this Court in the Settlement Order, and appear to have a substantially different interpretation of this Court's prior orders than the undersigned counsel.  See Settlement Order, ¶ 3 (authorizing, among other things, the recording of the Deeds in Lieu upon the occurrence of an Event of Default without need for obtaining stay relief).  As such, out of an abundance of caution, Bay Point seeks entry of the attached proposed order, consistent with the provisions of the Settlement Agreement and the Settlement Order, affirming that Bay Point has stay relief to exercise its rights and remedies without fear of frivolous litigation or unsupported contempt allegations.

Respectfully submitted this 7th day of July 2016.

        */s/ John F. Isbell*
John F. Isbell
GA Bar No. 384883
Garrett A. Nail
GA Bar No. 997924
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone:    404.541.2900
Facsimile:    404.541.2905
*john.isbell@thompsonhine.com*
*garrett.nail@thompsonhine.com*

*Counsel for Bay Point Capital Partners, LP*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all registered filers in this case via the CM/ECF System as well as on the parties listed on the attached Master Service List by United States mail in properly addressed envelopes with sufficient postage affixed thereon (unless otherwise indicated).

This 7th day of July 2016.

*/s/ John F. Isbell*
John F. Isbell

## MASTER SERVICE LIST

| | |
|---|---|
| Anne P. Caiola, Esq. — Via ECF<br>Elizabeth B. Rose, Esq. — Via ECF<br>SLOTKIN & CAIOLA, LLC<br>118 E. Maple Street<br>Decatur, GA 30030 | AT&T<br>PO Box 105262<br>ATLANTA, GA 30348 |
| Bellsouth Telecommunications Inc.<br>C/O Karen Cauagnaro<br>One AT&T Way, Room 3A104<br>BEDMINSTER, NJ 07921 | C. Edward Dobbs, Esq. — Via ECF James S. Rankin, Jr., Esq. — Via ECF Joshua J. Lewis, Esq. — Via ECF PARKER, HUDSON, RAINER & DOBBS LLP 1500 Marquis Two Tower<br>285 Peachtree Center Avenue, NE<br>Atlanta, Georgia 30303 |
| CITY OF SMYRNA UTILITIES<br>PO Box 116296<br>ATLANTA, GA 30368-6296 | COBB COUNTY WATER SYSTEM<br>PO Box 580440<br>CHARLOTTE, NC 28258 |
| CREDITORS ADJUSTMENT BUREAU<br>14226 VENTURA BLVD<br>SHERMAN OAKS, CA 91423 | David L. Bury, Jr.<br>STONE & BAXTER, LLP<br>Suite 800<br>577 Mulberry Street<br>Macon, GA 31201 |
| D&G CONSTRUCTION MANAGEMENT, LLC 6400 POWERS FERRY ROAD, SUITE 350 ATLANTA, GA 30339 | GEORGIA POWER COMPANY<br>96 ANNEX<br>ATLANTA, GA 30396 |
| GOOD GATE, LLC<br>C/O BRYAN T. GLOVER<br>171 SEVENTEENTH STREET<br>SUITE 1100<br>ATLANTA, GEORGIA 30363 | GOOD GATE, LLC<br>C/O CLAY TOWNSEND<br>20 N. ORANGE AVENUE<br>SUITE 1500<br>ORLANDO, FL 32801 |
| GWINNETT COUNTY WATER RESOURCES<br>PO Box 530575<br>ATLANTA, GEORGIA 30353 | HCL AMERICA, INC.<br>P.O. Box 5932<br>SHERMAN OAKS, CA 91413 |

| | |
|---|---|
| INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Jessica Talley-Peterson<br>HDH Advisors, LLC<br>Suite 950<br>2002 Summit Boulevard<br>Atlanta, GA 30319-6420 |
| Kenneth W. Stroud, Esq. — Via ECF<br>MAHAFFEY PICKENS TUCKER, LLP<br>1550 North Brown Road<br>Suite 125<br>Lawrenceville, GA 30043 | KIDS FIRST PEDIATRIC ALLIANCE<br>5500 INTERSTATE NORTH PARKWAY<br>SUITE #200<br>ATLANTA, GEORGIA 30328 |
| LECRAW ENGINEERING<br>4320 SUWANEE DAM ROAD<br>SUITE 1400<br>SUWANEE, GA 30024 | Michael E. Demont<br>Whitney K. McGuire<br>SMITH HULSEY & BUSEY<br>225 Water Street<br>Suite 1800<br>Jacksonville, FL 32202 |
| NILHAN FINANCIAL<br>5100 PEACHTREE INDUSTRIAL BLVD<br>NORCROSS, GA 30071 | NILOY, INC.<br>5100 PEACHTREE INDUSTRIAL BLVD<br>NoRcRoss, GA 30071-5721 |
| NORCROSS HOSPITALITY<br>5100 PEACHTREE INDUSTRIAL BLVD<br>NORCROSS, GA 30071 | PHOENIX ELEVATOR SERVICE<br>591 THORNTON ROAD, SUITE S<br>LITHIA SPRINGS, GA 30122-1546 |
| REPUBLIC SERVICES, INC. (DE CORP.)<br>18500 NORTH ALLIED WAY<br>PHOENIX, AZ 85054 | SECRETARY OF TREASURY<br>15TH & PENNSYLVANIA AVENUE, NW<br>WASHINGTON, DC 20200 |
| SEG GATEWAY, LLC<br>C/O BRYAN T. GLOVER<br>171 SEVENTEENTH STREET<br>SUITE 1100<br>ATLANTA, GEORGIA 30363 | SEG GATEWAY, LLC<br>C/O CLAY TOWNSEND<br>20 N. ORANGE AVENUE<br>SUITE 1500<br>ORLANDO, FL 32801 |

8

| | |
|---|---|
| SERVICE MASTER.<br>PO Box 670053<br>MARIETTA, GA 30066 | Thomas W. Dworschak<br>OFFICE OF THE U.S. TRUSTEE<br>Suite 362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia 30303 |
| U.S. ATTORNEY<br>600 RICHARD B. RUSSELL BLDG.<br>75 TED TURNER DRIVE, SW<br>ATLANTA, GA 30303 | U.S. SECURITIES & EXCHANGE COMMISSION<br>OFFICE OF REORGANIZATION<br>SUITE 900<br>950 EAST PACES FERRY Rom), NE<br>ATLANTA, GA 30326-1382 |
| SHAYNA M. STEINFELD<br>STEINFELD & STEINFELD, P.C.<br>P.O. Box 49446<br>ATLANTA, GEORGIA 30359 | JON E. KANE<br>CLAY M. TOWNSEND<br>31 LENOX POINT, NE<br>ATLANTA, GA 30324 |
| HEATHER D. BROWN<br>BROWN LAW, LLC<br>2727 PACES FERRY ROAD<br>SUITE 1-225<br>ATLANTA, GA 30339 | |