**IT IS ORDERED as set forth below:**

Date: September 21, 2017





_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 15-58440-WLH |
| ) | (Jointly Administered) |
| BAY CIRCLE PROPERTIES, LLC *et al.*,[1] ) | |
| ) | CHAPTER 11 |
| Debtors. ) | |
| ) | JUDGE WENDY L. HAGENAU |

## ORDER ON REQUEST TO IMPOSE CONTEMPT SANCTIONS

This matter came before the Court on the Request by Bay Point Partners, LP ("Bay Point") for Immediate Issuance of Writ of Possession and for Order Imposing Contempt Sanctions [Docket No. 748] ("Request"). The Request was filed on September 7, 2017, and the Court issued a Writ of Possession on September 13, 2017 [Docket No. 750]. Bay Point's Request for contempt sanctions was scheduled for hearing on September 19, 2017, after notice. At the hearing, the Non-Debtor Loan Parties were represented by Jeremy U. Littlefield and Bay Point was represented by John F. Isbell and Garrett A. Nail. The Debtors were represented by J. Carole Thompson Hord and John A. Christie.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Bay Circle Properties, LLC (1578), DCT Systems Group, LLC (6978), Sugarloaf Centre, LLC (2467), Nilhan Developers, LLC (6335), and NRCT, LLC (1649).

1

The Request is based on a consent order entered August 4, 2017 [Docket No. 731] to which Bay Point and "Non-Debtor Loan Parties"[2] agreed ("Order"). The Order reflects that rent was being paid by the Non-Debtor Loan Parties to Bay Point for "the approximately 15,000 square feet of storage and 1500 square feet of office space currently used by the Non-Debtor Loan Parties". In the Order, the Non-Debtor Loan Parties agreed they would vacate the leased premises by September 5, 2017, and that if they did not do so, "this Court may command the issuance of a writ of possession by the appropriate authority, and the Non-Debtor Loan Parties agree to be bound by the provisions of that writ of possession and further agree not to oppose issuance of the writ; or this Court may take any other action available to it in order for the Non-Debtor Loan Parties to vacate the Corners North Property instanter, including enforcing this order through a finding of contempt of Court". The Order provides further that if the Non-Debtor Loan Parties holdover the premises past September 5, 2017, the rent will be $1,800 per day.

At the hearing, the Court heard testimony from witnesses, reviewed evidence and considered the arguments of counsel. At the conclusion of the hearing, the Court ruled orally, and that oral ruling is incorporated herein. It is therefore

ORDERED Bay Point's request to hold the Non-Debtor Loan Parties in contempt is DENIED. The evidence showed the Non-Debtor Loan Parties vacated the 1,500 square feet of office space by September 8, 2017, and the Court concludes the holdover remedy set out in the Order and below adequately addresses any damage to Bay Point for this holdover. While the Order required the Non-Debtor Loan Parties to vacate 15,000 square feet of storage space, the parties never agreed on the space to be vacated. The buildings at issue contain over 100,000 square feet and the specific space to be vacated was never identified. The Court therefore

---

[2] "Non-Debtor Loan Parties" is defined in the Order.

2

concludes its Order was not sufficiently clear and precise to allow for a finding of contempt with respect to the 15,000 square feet of storage space.

ORDERED FURTHER that because the Non-Debtor Loan Parties did not vacate the 1,500 square feet of office space until September 8, 2017, they are liable to Bay Point for $1,800 per day in additional rent pursuant to the Order. The Non-Debtor Loan Parties are therefore ordered and directed to pay Bay Point $5,400 by wire, cash or certified check to be delivered within 10 days of the date of the entry hereof;

ORDERED FURTHER that this order is without prejudice to any claim Bay Point may have against the Non-Debtor Loan Parties, the Debtors or any other entity on any ground other than this Court's Order at Docket No. 731.

### END OF ORDER ###

**DISTRIBUTION LIST**

John A. Christy
J. Carole Thompson Hord
Jonathan A. Akins
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, GA 30309-4516

Thomas Wayne Dworschak
Office of the U. S. Trustee
Room 362
75 Ted Turner Drive SW
Atlanta, GA 30303

John F. Isbell
Garrett A. Nail
Thompson Hine LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA  30326

Walter E. Jones
Balch & Bingham LLP
Suite 700
30 Ivan Allen Jr. Boulevard, NW
Atlanta, GA  30308

Clay M. Townsend
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1500
Orlando, FL 32801

Jeremy U. Littlefield
Robbins Ross Alloy Belinfante Littlefield LLC
999 Peachtree Street NE, Suite 1120
Atlanta, GA  30309-3996