**IT IS ORDERED as set forth below:**



**Date: December 5, 2017**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BAY CIRCLE PROPERTIES, LLC, *et al.*[1] | ) | Case No.: 15-58440-wlh |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES

This matter is before the Court on NRCT, LLC's Motion for Order Approving

Sale of Property Free and Clear of Liens, Claims and Encumbrances **[Doc. No. 793]**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are Bay Circle Properties, LLC (1578), DCT Systems Group, LLC (6978), Sugarloaf Centre, LLC (2467), Nilhan Developers, LLC (6335), and NRCT, LLC (1649).

(the "Motion"). The Motion seeks approval of the sale of approximately ten (10) acres of vacant land at the northwest corner of Tench Road and Peachtree Industrial Boulevard, Gwinnett County, Georgia (the "Property"), to The Providence Group of Georgia, LLC ("Buyer"), free and clear of all liens, claims, and encumbrances, for a purchase price of $2,000,000.00, pursuant to the Agreement of Purchase and Sale attached to the Motion as **Exhibit "A"**, as amended by the First Amendment to Agreement of Purchase and Sale attached to the Motion as **Exhibit "B"** (as amended, the "Agreement").

Hearing was held November 30, 2017, upon proper notice. SEG Gateway, LLC and Good Gateway, LLC (collectively, "Gateway") and Bay Point Capital Partners, LP ("Bay Point") each filed objections to the Motion. Upon consideration of the standards of 11 U.S.C. § 363(b), the arguments of counsel, and the entire record of this case,

THE COURT HEREBY FINDS AND DETERMINES THAT:

1. Written notice of the Motion and hearing and a reasonable opportunity to object or be heard with respect to the Motion was afforded to the United States Trustee, all creditors and interested persons and entities in accordance with Fed.R.Bankr.P. 6004(a). The notice was good, sufficient, and appropriate under the circumstances, and no further notice of the

    Motion is required.

2. Buyer is not an "insider" of NRCT, LLC within the meaning of 11 U.S.C. § 101(31).

3. The Agreement was negotiated by NRCT, LLC and Buyer at arm's length, without collusion or fraud, and in good faith within the meaning of 11 U.S.C. § 363(m). Buyer has acted in good faith wihin the meaning of 11 U.S.C. § 363(m). As a result of the foregoing, NRCT, LLC and Buyer are entitled to the protections of 11 U.S.C. § 363(m), and neither NRCT, LLC nor Buyer has engaged in any conduct which would cause the sale to be avoided under 11 U.S.C. § 363(n).

4. Buyer would not have entered into the Agreement and will not consummate the proposed sale unless it is afforded the protection of a sale free and clear of all liens, claims, encumbrances, and other interests in accordance with the terms of this order.

5. The consideration provided by Buyer for the Property under the Agreement is fair and reasonable.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. The objections of Gateway and Bay Point are overruled and the Motion is

GRANTED as set forth herein.

2. The Agreement and all terms and conditions thereof are approved. NRCT, LLC is authorized to sell the Property to Buyer free and clear of liens, claims and encumbrances in accordance with 11 U.S.C. § 363(b) and Fed.R.Bankr.P. 6004, to enter into the Agreement set forth in the Motion, and to execute and deliver any and all closing documents, deeds, affidavits, closing statements, resolutions, and other documents as may be necessary to consummate the sale.

3. NRCT, LLC is authorized to pay from closing customary closing costs, including real estate transfer taxes, pro-rated real estate taxes for the year of closing to the closing date, attorney's fees for the closing, and brokerage commissions.

4. Proceeds remaining after deduction of closing costs shall be held by NRCT, LLC's bankruptcy counsel in its escrow account until further order of this Court.

5. Following closing, NRCT, LLC shall file with the Court a Notice of Sale reporting that such closing has occurred.

6. All liens, claims, encumbrances, and interests in, to, or under the Property (collectively, "Interests," and each an "Interest") are removed from the

Property and transferred and attached to the proceeds of the Sale of the Property in the same priority and to the same extent and validity as such Interests attached to the Property. All parties claiming an Interest or Interests in the Property shall, upon request of NRCT, LLC, release and mark released and cancelled in recordable form any such Interests to the Property.

7. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel the Interests of record.

8. The reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of sale, unless such authorization is duly stayed pending such appeal.

9. The sale may not be avoided under 11 U.S.C. § 363(n).

10. This Order is final upon entry.

[END OF DOCUMENT]

Prepared and Presented by:

/s/ John A. Christy
John A. Christy
Georgia Bar No. 125518
Jonathan A. Akins
Georgia Bar No. 472453
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309-4516
(404) 681-3450
jchristy@swfllp.com

## **DISTRIBUTION LIST**

Thomas W. Dworschak
Office of the U.S. Trustee
Suite 362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

John A. Christy – via ECF
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516

John F. Isbell – via ECF
Thompson Hine LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326

Walter E. Jones – via ECF
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd., NW, Suite 700
Atlanta, Georgia 30308