IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BAY CIRCLE PROPERTIES, LLC, *et al.*[1] | ) | Case No.: 15-58440-wlh |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### DEBTOR'S MOTION TO APPROVE AMENDMENT TO EXCLUSIVE LISTING AGREEMENT

COMES NOW NRCT, LLC, a debtor in the above-captioned case (the "Debtor"), and in accordance with provisions of 11 U.S.C. § 327, moves this Court for an order permitting it to extend the employment of Ackerman & Co. ("Ackerman") as its exclusive real estate broker with respect to the sale of the approximately 19.76 acres of unimproved real property located on Tench Road in Sugar Hill, Gwinnett County, Georgia. In support of this motion, the Debtor shows this Court as follows:

1.

On May 4, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are Bay Circle Properties, LLC (1578), DCT Systems Group, LLC (6978), Sugarloaf Centre, LLC (2467), Nilhan Developers, LLC (6335), and NRCT, LLC (1649).

2.

On June 8, 2015, this Court entered an order that the cases be jointly administered under Case No. 15-58440.

3.

The Debtor owns parcels of unimproved real property located at Peachtree Industrial Boulevard and Tench Road in Sugar Hill, Gwinnett County, Georgia which includes approximately 46 acres.

4.

On June 21, 2017, Debtor filed its Motion to Employ Real Estate Broker [Doc. No. 703] (the "First Motion"), seeking to retain Ackerman to market Parcels R7253035, R7253036, and R7253037 (the "Property") for sale and to maximize their exposure to the market, pursuant to a proposed listing agreement, which is attached hereto as **Exhibit "A"** (the "Agreement").

5.

On June 28, 2017, the Court entered an Order on Motion to Employ Real Estate Broker [Doc. No. 708], granting the First Motion and authorizing Debtor to retain Ackerman.

6.

The Agreement provides an exclusive listing term of six months from the date of the order approving Ackerman's employment; accordingly, the term of the Agreement expired December 28, 2017.

7.

Debtor seeks to amend the Agreement to extend the applicable term, as more fully set forth in the Reinstatement and First Amendment to Exclusive Listing Agreement for Sale of Real Property attached hereto as **Exhibit "B"** (the "Amendment"). The Amendment proposes to reinstate the Agreement, with a listing term to expire six months from the date of the order approving the Amendment.

8.

Debtor shows this Court that extending Ackerman's exclusive listing agreement is in the best interest of all creditors of the estate and will facilitate Debtor's reorganization and payment of creditors. Except for extension of the termination date, the Amendment does not change any material terms of the Agreement previously approved by the Court. As more fully set forth in the First Motion, Ackerman holds no interests adverse to the estate and the professionals of Ackerman are qualified to provide the real estate brokerages services for which they will be employed.

WHEREFORE, the Debtor requests this Court to enter an order pursuant to 11 U.S.C. § 327, authorizing Debtor extend Ackerman's employment as the exclusive listing agent for the sale of the Property consistent with the terms set forth in the attached Exclusive Listing Agreement for Sale of Real Property, as modified by the attached Reinstatement and First Amendment to Exclusive Listing Agreement for Sale of Real Property.

This 19th day of February, 2018.

/s/ John Christy
John A. Christy
Georgia Bar 125518
J. Carole Thompson Hord
Georgia Bar No. 291473

Attorneys for Debtor

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516
(404) 681-3450
jchristy@swfllp.com
chord@swfllp.com

EXHIBIT A

Ackerman & Co.
10 Glenlake Parkway
South Tower – Suite 1000
Atlanta, Georgia  30328
770.913.3900

# EXCLUSIVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY

THIS LISTING AGREEMENT is made and entered into on this the ____ day of May, 2017, between **NRCT LLC** as owner of the real property described herein, (collectively "Seller"), and **ACKERMAN & CO. and PIONEER LAND GROUP LLC**  (collectively "Broker").

**WHEREAS**, Seller desires to sell real property known as parcels 35, 36 and 37 in Land Lot 253 of the 7th District of Gwinnett County, Georgia containing approximately 19.76 acres and as outlined in red on Exhibit A attached hereto including all buildings and improvements thereon and all fixtures and appurtenances (all of the foregoing being collectively referred to hereinafter as the "Property").

**WHEREAS,** Seller is in bankruptcy in the Georgia Northern District Bankruptcy Court under case NRCT, LLC – 1-15-bk-58443 ("Bankruptcy")

**WHEREAS**, Broker is licensed by the Georgia Real Estate Commission as a real estate broker and will act as the limited agent of Seller with respect to the negotiations for the sale of Property.  Broker is a member of the Atlanta Commercial Board of REALTORS®, Inc.

**WHEREAS**, Seller desires to engage the services of Broker to market and offer the Property for sale, and Broker desires to act as Seller's exclusive agent in the marketing and sale of the Property, upon the terms, provisions and conditions contained hereinafter.

**NOW THEREFORE**, for and in consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**1. APPOINTMENT OF BROKER.**  Seller hereby appoints Broker as its sole and exclusive limited agent for the term hereof with the sole exclusive right to offer the Property for sale or exchange at the Listing Price, on the terms and conditions contained herein, or for such other price and on such other terms as may be acceptable to Seller.

**2. BROKER/AGENCY RELATIONSHIPS.**
(A) Broker's agency policy is to represent landlords, tenants, sellers, and purchasers, in the same transaction with disclosed dual agency when both the clients consent in writing, and with respect to the transactions specifically contemplated by this Agreement, seller and a prospective purchaser in the same transaction with disclosed dual agency when both clients consent in writing. Broker also offers designated agency by assigning different salespersons of Broker to represent solely each client to the exclusion of all other clients in the same transaction.
(B) Unless otherwise required by law or Owner permits disclosure of the information by subsequent word or conduct, Broker agrees to maintain the confidentiality of all information identified as confidential by Owner, if that information is received by Broker during the term of this Agreement, as required by the Brokerage Relationships in Real Estate Transaction Act.

**3. LISTING PRICE.**  The Owner agrees to accept a minimum price of three million two hundred thousand dollars ($3,200,000) or any other terms acceptable to Owner.

**4. LISTING TERM.**  The term of this Agreement shall commence when the Georgia Northern District Bankruptcy Court approves this Agreement and shall terminate six (6) months later (the "Expiration Date").

**5. COMMISSION.**  In consideration of the services to be rendered by Broker to and for the benefit of Seller with respect to the listing for sale and procuring of a purchaser for the Property, Seller agrees to pay Broker a commission equal to five percent (5%) of the gross sales of the Property and any option money or earnest money paid to Seller in the event that during the term of this Agreement;

 (A) a person or business entity is ready, able and willing to purchase the Property on terms acceptable to Seller whether procured by or through the efforts of Broker or any other person, including Seller, or;

1

(B) Owner is a corporation, limited liability company, partnership or other business entity and an interest in such corporation, partnership or other business entity is transferred, whether by merger, purchase or otherwise, in lieu of a sale of the Property.

Seller also agrees to pay to Broker said commission if within forty-five (45) days after termination of this Agreement the Property, or any legal or equitable interest in the Property, is sold, exchanged or conveyed (or a contract, letter of intent or option agreement is entered into that ultimately closes) to any prospective purchaser who was presented the Property during the term of this Agreement. Broker shall deliver to Seller a notice in writing containing a list of such prospective purchasers on or before ten (10) days after the termination of this Agreement.  If Seller enters into a listing agreement with another licensed real estate broker with respect to the Property after the termination of this Agreement, Seller shall exclude sales or exchanges of the Property to any prospective purchaser named in said written notice from said listing agreement based on the time period stated above. Prospective purchasers as used in this paragraph shall include such person or entity, their respective family members, and affiliates or other entities over which they may exercise control. Seller shall pay Broker said commission at the time of the consummation of the sale or exchange of the Property in immediately available U.S. funds.  Seller hereby expressly authorizes Broker to share the commission with any other licensed real estate broker or brokers in any proportion agreeable to Broker.

**6. BROKER'S AUTHORITY.**  Seller authorizes Broker to:
(A) Utilize such marketing techniques and programs as Broker deems appropriate for and advantageous to the sale of the Property, including the placement of a "For Sale" sign or signs on the Property and the removal of any existing signs;
(B) Enter the Property at reasonable times with cooperating brokers and their salespersons for the purpose of showing the Property to prospective purchasers; and

**7. SELLER'S COVENANTS.**  Seller agrees to cooperate with Broker, its sales associates and any cooperating brokers fully with respect to Broker's efforts to sell the Property.  Seller agrees to refer to Broker all inquiries received by Seller relating to the sale of the Property and to conduct all negotiations with prospective purchasers of the Property through Broker.  Seller, to the best of Seller's knowledge, represents and warrants to Broker that, **upon approval from the Bankruptcy Court or the Seller being released from Bankruptcy**,
(A) Seller (i) is the sole fee simple title owner to the Property, (ii), is authorized and has the capacity to execute and deliver this Agreement, and (iii) has the right to convey title to the Property to a purchaser by warranty deed.
(B) There are no actions, suits or proceedings pending or threatened against Seller or the Property affecting any portion of the Property.
(C) There are no pending or threatened condemnation actions or special assessments of any nature with respect to the Property nor has Seller received any notices of any such condemnation action or special assessment.
(D) There are no foreclosures pending or threatened with respect to the Property, nor has Seller received any notices of any such foreclosure action being contemplated.
(E)  Seller has not received any notice in writing or otherwise from any governmental agency requiring the correction of any violation with respect to the Property or any part thereof.
(F) The Property has no known significant or material latent defects and none of the improvements on the Property have been constructed with material known to be a potential health hazard to occupants of the Property, except as disclosed in writing by Seller to Broker in the Owner's Property Disclosure Notice executed by Seller at the time this Agreement is executed.  Seller hereby authorizes Broker to disclose to prospective purchasers all information with respect to the Property either furnished by Seller to Broker on the Owner's Property Disclosure Notice, or otherwise furnished to Broker.  Seller agrees to hold Broker harmless of and from any and all damages, claims, costs and expenses of every kind and character resulting from or relating to Seller's furnishing to Broker any false, incorrect or inaccurate information with respect to the Property or failing to disclose to Broker any material latent defects in the Property.
(G) The Property shall be offered, shown and made available for sale to or exchange with all persons on a non-discriminatory basis, without regard to race, color, religion, sex, handicap, familial status or national origin.

**8. SELLER'S OBLIGATIONS REGARDING BANKRUPTCY**     **Seller agrees to immediately petition the Georgia Northern District Bankruptcy Court to approve this Agreement.**

**9. NOTICES.**  Any notices required or permitted hereunder shall be in writing and shall be personally delivered or sent by U.S. Certified Mail, return receipt requested, postage prepaid or a nationally recognized overnight courier with delivery tracking, or on the date such notice is delivered in person evidenced by a signed delivery receipt, to the party entitled to

2

receive such notice at the respective address of each party hereto set forth on the signature page hereof or at such other address a party hereto shall hereafter designate by written notice in compliance with the terms of this paragraph to the other party hereto.

**10. LIMITATION OF LIABILITY.**  Seller agrees that Broker and any cooperating brokers shall not be responsible in any manner for personal injury to any person or for any loss or damage to personal or real property due to vandalism, theft, freezing water pipes or any other cause of damage or loss whatsoever with respect to the Property.

**11. LEGAL EXPENSES.**  In the event it is necessary for Broker to retain an attorney to enforce the provisions hereof, in addition to the commission payable hereunder, Broker shall be entitled to recover from Seller reasonable attorney's fees and all other costs of collection incurred by Broker in connection therewith.

**12. SEVERABILITY CLAUSE.**  If any term, provision or covenant contained herein is found to be invalid or unenforceable by a court of competent jurisdiction, then the parties agree that such invalid term, provision or covenant shall be deemed to be severed and deleted from this Agreement, and the remainder of the Agreement shall continue in full force and effect and shall remain fully valid and enforceable.

**13. MISCELLANEOUS.**  This Agreement shall inure to the benefit of, and be binding upon, the parties thereto, their heirs, administrators, successors, and permitted assigns.  Neither this Agreement nor any of the rights, duties or benefits hereunder may be assigned by either party hereto without the prior written consent of the other party hereto.  This instrument contains the entire agreement and understanding to the parties hereto with respect to the subject matter contained herein.  No representation, promise or inducement not included in this Agreement shall be binding on any party hereto.  This Agreement cannot be amended or canceled except by an agreement in writing executed by each of the parties hereto.

**Seller acknowledges that Seller has read and understood the terms of this Agreement and has received a copy of it.**

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, under seal, in their respective names and on their behalf by their duly authorized officials, the day and year indicated below.

**SELLER**: NRCT LLC

By: _____

Print: _____

Title: _____

Date: _____

**BROKER: ACKERMAN & CO.**

By: _____ :

Name: John Speros

Title: Senior Vice President

Date: May 19, 2017

**BROKER: PIONEER LAND GROUP LLC**

By: _____

Name: Kyle Gable

Title: Managing Member

Date: May 19, 2017

3

# Exhibit A



EXHIBIT B

Case 15-58440-wlh    Doc 827    Filed 02/19/18    Entered 02/19/18 09:21:28    Desc Main
Document      Page 10 of 14

2

**REINSTATEMENT AND FIRST AMENDMENT TO EXCLUSIVE LISTING AGREEMENT
FOR SALE OF REAL PROPERTY**

THIS **REINSTATEMENT AND FIRST AMENDMENT TO EXCLUSIVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY** (this "Reinstatement/ First Amendment") is made by and between **NRCT, LLC** as owner of the real property described herein, (collectively "Seller"), and **ACKERMAN & CO. and PIONEER LAND GROUP LLC** (collectively "Broker") as of the 29th day of January 2017.

**WITNESSETH:**

**WHEREAS**, Seller and Broker have entered into that certain **EXCLUSIVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY** dated as of May 19, 2017 (the "Agreement") with respect to certain real property known as parcels 35, 36 and 37 in Land Lot 253 of the 7th District of Gwinnett County, Georgia containing approximately 19.76 acres (the "Property"), and

**WHEREAS**, the Agreement expired on December 27, 2017, six (6) months after approval by the US Bankruptcy Court Northern District of Georgia on June 27, 2017, and

**WHEREAS**, Seller and Broker desire to reinstate and amend the Agreement as hereinafter set forth.

**REINSTATEMENT/ FIRST AMENDMENT**

**NOW, THEREFORE**, in consideration of Ten Dollars ($10.00) each paid to the other, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Seller and Broker hereby agree as follows:

1. Reinstatement.  The parties agree that the **EXCLUSIVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY** is hereby reinstated.

2. Recitals.  The above recitals are true and correct and are incorporated herein by reference as if set forth in full herein.

3. Definitions.  All capitalized terms used in this First Amendment shall have the same meanings indicated for all purposes as set forth in the Agreement unless a contrary meaning is set forth herein.

4. Amendments.

    A. Paragraph 4, entitled "Listing Term" shall be amended by deleting the entire paragraph and in and inserting in lieu thereof the following sentence, "The Term of this Agreement shall commence when the Georgia Northern District Bankruptcy Court approves this Agreement and shall terminate six (6) months later (the "Expiration Date")."

5. Counterparts.  This Reinstatement/First Amendment may be executed in any number of counterparts or duplicate originals and all such counterparts read together or each such original shall be deemed to constitute but one and the same instrument.

6. No Further Amendments.  Except as amended by this Reinstatement/First Amendment, the Agreement, as previously amended if applicable, and shall remain in full force and effect as to all other terms and provisions.

1

**IN WITNESS WHEREOF**, the parties hereto have executed this Reinstatement/First Amendment on the day and year first above written.

| | |
|---|---|
| **SELLER**: NRCT, LLC | **BROKER: ACKERMAN & CO.** |
| By: _____ | By: _____ |
| Print: CHITTRANJAN THAKKAR | Name: John Speros |
| Title: Manager | Title: Senior Vice President |
| Date: 2/8/2018 | Date: January 29, 2018 |
| | |
| | **BROKER: PIONEER LAND GROUP LLC** |
| | By: _____ |
| | Name: Kyle Gable |
| | Title: Managing Member |
| | Date: January 29, 2018 |

2

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the within and foregoing DEBTOR'S MOTION TO APPROVE AMENDMENT TO EXCLUSIVE LISTING AGREEMENT through the ECF system or by placing a copy of the same in the United States Mail, with sufficient postage thereon to ensure delivery to parties on the attached service list.

This 19th day of February, 2018.

/s/ Jonathan A. Akins
Jonathan A. Akins

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516
(404) 681-3450
K:\9207\1\Pleadings\app to amend employ real estate broker NRCT - Speros.docx

## SERVICE LIST

Thomas W. Dworschak – Via ECF
Office of the U.S. Trustee
Suite 362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Anne P. Caiola, Esq.
Elizabeth B. Rose, Esq. – Via ECF
Slotkin & Caiola, LLC
118 E. Maple Street
Decatur, GA 30030

Kenneth W. Stroud, Esq. – Via ECF
Mahaffey Pickens Tucker, LLP
1550 North Brown Road
Suite 125
Lawrenceville, GA 30043

Jessica Talley-Peterson
HDH Advisors, LLC
Suite 950
2002 Summit Boulevard
Atlanta, GA 30319-6420

HEATHER D. BROWN – VIA ECF
BROWN LAW, LLC
138 BULLOCH AVENUE
ROSWELL, GA 30075

David L. Bury, Jr. – Via ECF
Stone & Baxter, LLP
Suite 800
577 Mulberry Street
Macon, GA 31201

JOHN F. ISBELL – VIA ECF
THOMPSON HINE LLP
TWO ALLIANCE CENTER
3560 LENOX ROAD, SUITE 1600
ATLANTA, GEORGIA 30326

Walter E. Jones – **Via ECF**
Balch & Bingham, LLP
30 Ivan Allen Jr., Blvd
Suite 700
Atlanta, GA  30308