UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-58440-WLH |
| | : | (Jointly Administered) |
| BAY CIRCLE PROPERTIES, LLC, *et al.*,[1] | : | |
| | : | CHAPTER 11 |
| DEBTORS. | : | |
| DANIEL M. MCDERMOTT, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT. | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| BAY CIRCLE PROPERTIES, LLC, *et al.*, | : | |
| | : | |
| RESPONDENTS. | : | |

**UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING
THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

COMES NOW Daniel M. McDermott, United States Trustee for Region 21, and respectfully moves this Court pursuant to 11 U.S.C. § 1104 and Rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure for an order directing the appointment of a chapter 11 trustee, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The statutory bases for the relief sought herein are 11 U.S.C. § 1104 and Rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are Bay Circle Properties, LLC (1578); DCT Systems Group, LLC (6978); Sugarloaf Centre, LLC (2467); Nilhan Developers, LLC (6335); and NRCT, LCC (1649).

2. Venue in this district is proper pursuant to 28 U.S.C. §1408.

## I. Factual Bankground

3. On May 4, 2015, Bay Circle Properties, LLC; DCT Systems Group, LLC 15-58441-wlh; Sugarloaf Centre, LLC 15-58442-wlh; Nilhan Developers, LLC 15-58443-wlh; and NRCT, LLC 15-58444-wlh (collectively, the "Debtors") filed voluntary petitions for relief under chapter eleven.   Docket Entry 1.

4. Chuck Thakker ("Thakker") signed each petition as Manager on behalf of each Debtor.

5. On June 8, 2015, this Court ordered the joint administration of Debtors. Docket Entry 38.

6. Debtors are presently the debtor in possession in all five cases, and no trustee or creditors committee has been appointed in any of the cases.

7. On April 28, 2017, this Court granted Nilhan Developers, LLC's ("Nilhan") motion to sell 2800 and 2810 Spring Road, Smyrna, Georgia ("the Property") for $7.2 million. Docket Entry 679.

8. The Property sales contract granted Nilhan the option to repurchase the Property for $7,750,000.00.

9. On May 22, 2018, the Property owners notified Thakker that Nilhan's option to repurchase the Property would lapse on August 20, 2018.

10. On August 20, 2018, Nihlan executed a Secured Promissory Note payable to Rass Associates, LLC in the amount of $4,100,000, and a Deed to Secure Debt and Security granting

Rass Associaties a security interest and lien on the Property.

11. On August 20, 2018, Nihlan executed a Secured Promissory Note payable to Norcross Hospitality LLC in the amount of $5,169,212.32, and a Deed to Secure Debt and Security granting Norcross Hospitality, LLC a security interest and lien on the Property.

12. Thakker's children own Norcross Hospitality, LLC.

13. Chakker signed both Secured Promissory Notes, and both Deeds to Secure Debt and Security Agreements, as Managing Member for Nilhan.

14. On August 20, 2018, Nilhan transferred $9,269,212.32 ($7,500,000.00 plus $1,519.212.33 interest at 15% compounded annually) to Westplan Investors to repurchase the Property.

15. On August 22, 2018, the seller executed a quit claim deed conveying the Property to Nilhan.

16. Neither Chakker nor Nilhan requested or obtained this Court's permission to repurchase the Property or to obtain post-petition financing.

17. Nilhan admits this Court should have approved the repurchase of the Property. Docket Entry 898, p.3, para. 9.

18. On October 10, 2018, the Court set a show cause hearing for October 25, 2018 at 1:30 p.m. to review the Property repurchase.   Docket Entry 894.

19. At 12:45 p.m. on October 25, 2018, forty-five minutes before the Court's Show Cause hearing, Debtor filed six overdue monthly operating reports for April-September 2018. Case No. 15-58443, Docket Entries 101-107.

20. Nilhan's August 2018 monthly operating report, signed by Thakker on October 24, 2018 under penalty of perjury with a declaration that the report "was true and accurate to the best of his knowledge and belief," does not in any way mention the August 2018 Property repurchase. In particular, Attachment 8 (Significant Actions in the Reporting Period), is blank. Case No. 15-58443, Docket Entry 105, p.17 (attached as exhibit 1).

21. Nilhan's September 2018 monthly operating report, signed on October 24, 2018 by Thakker under penalty of perjury with a declaration that the report "was true and accurate to the best of his knowledge and belief," provides no specifics about the August 2018 Property repurchase. But at the bottom of page 27 -- the final page of the report -- Thakker states "In August 2018, Debtor executed an option to repurchase property in accordance with prior court order. In exercising the option, Debtor borrowed funds. Debtor will seek approval of the transaction and will make any appropriate amendments to reflect the transaction in the operating reports." Case No. 15-58443, Docket Entry 106 (attached as exhibit 2).

22. To date, Nilhan has not amended the operating reports to reflect the Property repurchase.

## II. Legal Basis for Appointment of Chapter 11 Trustee

23. The United States Trustee seeks the appointment of a chapter 11 trustee to replace Debtors' current management in all five jointly-administered debtors.

24. A paramount duty of a debtor-in-possession in a bankruptcy case is to act on behalf of the bankruptcy estate, that is, for the benefit of all the creditors of the estate, and to administer the assets and business of the estate in the interest of those creditors. *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000); *In re Bellevue Place Assocs.,* 171 B.R. 615, 623-24 (Bankr.

–4–

N.D. Ill. 1994) *aff'd* 1994 U.S. Dist. LEXIS 17409 (N.D. Ill. 1994). While chapter 11 "is designed to allow the debtor-in-possession to retain management and control of the debtor's business operations," the Bankruptcy Code provides a vehicle for appointment of a trustee when the debtor's principals fail to fulfill these rigorous responsibilities. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990).

25. Bankruptcy Code section 1104(a) sets forth the circumstances under which the court must order the appointment of a chapter 11 trustee. Section 1104 (a) states that:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . or
>
> (3) if grounds exist to convert or dismiss the case under Section 1112, but the court determines that the appointment of a trustee or examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104(a).

26. In the instant case, the United States Trustee maintains that grounds exist to appoint a chapter 11 trustee under either 11 U.S.C. §§ 1104(a)(1) or (2).

27. The proper burden of proof for the appointment of a chapter 11 trustee is preponderance of the evidence. *Tradex Corp. v. Morse (In re Tradex Corp.)*, 339 B.R. 823 (D. Mass. 2006) (finding that other decisions holding that the burden of proof was "clear and convincing evidence" are incorrect in light of the Supreme Court's decision in *Grogan v. Garner*,

–5–

498 U.S. 279 (1991)). Nevertheless, even if the evidentiary standard is clear and convincing, as set forth below the United States Trustee has met that burden.

28. Although naked allegations of gross mismanagement, standing alone, are an insufficient basis for the appointment of a trustee, it is not necessary for this Court to conduct a mini-trial of each of the factual allegations in this motion. Rather, appointment of a trustee is mandated if this Court determines that the allegations have a "substantial basis in the facts." *In re American Resources, Ltd.*, 54 B.R. 245, 247 (Bankr. D. Hawaii 1985); *see also Tradex Corp.,* 339 B.R. 823 (finding, in case decided under preponderance of the evidence standard, that bankruptcy court properly ordered appointment of trustee based on credible, though disputed, allegations against debtor that were the subject of a grand jury proceeding).

A. "Cause" Exists for the Appointment of a Trustee under Section 1104(a)(1)

29. Factors for a determination of cause under Section 1104(a)(1) include: (1) a lack of competence to conduct the debtor's business operations in furtherance of debtor's fiduciary obligations to its creditors; (2) a failure to maintain complete and accurate financial records; (3) the trustworthiness of the debtor; (4) the debtor's past and present performance and prospects for successful rehabilitation, including the debtor's ability to make reliable projections and achieve those projections; (5) the trust and confidence, or lack thereof, of the debtor's creditors and the business community in general; (6) the existence of inter-company financial transfers and potential conflicts of interest; and (7) the benefits of such an appointment against the burdens and costs of such an appointment. *See In re U.S. Commc'ns of Westchester, Inc.*, 123 B.R. 491, 495-96 (Bankr. S.D.N.Y. 1991) (citing *In re McCorhill Publ'g, Inc.*, 73 B.R. 1013, 1017 (Bankr. S.D.N.Y. 1987)); *Ionosphere Clubs,* 113 B.R. at 168.

30. In the context of insiders, courts have also looked to such factors as: (1) the materiality of the misconduct; (2) the evenhandedness in dealings with insiders or affiliates; (3) the existence of preferences or fraudulent transfers; (4) the unwillingness or inability of management to pursue estate's causes of action; (5) conflicts of interest on the part of management; and (6) self-dealing by management or waste or squandering of corporate assets. *In re Intercat, Inc.*, 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000).

31. The United States Trustee submits that Thakker's actions show a complete lack of trustworthiness. Thakker committed Nihlan to the multi-million dollar repurchase option knowing full well that he needed prior bankruptcy court approval, yet he completed the transaction and obligated Debtor without informing this Court or any creditors. This secretive behavior constitutes gross mismanagement within the meaning of the statute, and therefore "cause" exists for the appointment of a trustee under section 1102(a)(1) of the Bankruptcy Code to administer Debtor's cases and to prevent any further fraud and/or dissipation of assets.

B.   Grounds Exist for the Appointment of a Trustee under Section 1104(a)(2)

32. Section 1104(a)(2) provides independent grounds for appointment of a trustee if it would be in the best interest of creditors and other parties in interest.

33. The appointment of a trustee under § 1104(a)(2) employs a flexible approach which allows the Court to appoint a trustee when it would serve the best interests of the estate, its equity security holders and its creditors, even if there is no finding of fraud, dishonesty, incompetence, or gross mismanagement. *See In re Sharon Steel Corp.*, 871 F.2d 1217 (3d Cir. 1989).

34. Courts examine whether the benefits of a trustee will outweigh the costs to the estate. *In re PDHC, LLC*, 2004 WL 5846712, at *3 (Bankr. N.D. Ga. April 28, 2004).

–7–

35. Under §1104(a)(2), courts also look to the practical realities and necessities. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007). The Court should examine such factors as: (a) the trustworthiness of the debtor; (b) the prospects for rehabilitation of the debtor under present management; (c) the creditors' confidence, or lack thereof, in the present management; (d) the benefits of appointing a trustee balanced against the cost of appointment, and (e) whether the trustee could accomplish the goals of a chapter 11 plan more efficiently and effectively than the debtor in possession. *Ionosphere Clubs,* 113 B.R. at 164, 167-68; *see also, Savino Oil*, 99 B.R. at 525 (stating section 1104(a)(2) determination entails exercise of discretionary powers).

36. The appointment of a Chapter 11 trustee under section 1104(a)(2) to administer this case and safeguard the property of the estate is appropriate for several reasons. An independent fiduciary is best situated to investigate the circumstances surrounding Thakker's unauthorized repurchase of the Property. A trustee is also the appropriate party to pursue any claims the estate may have against insiders of Debtor, and to thoroughly examine Thakker's self-dealing. The trustee's independence will permit the pursuit of all possible avenues of recovery.

    C.    <u>Grounds Exist for the Appointment of a Trustee under 11 U.S.C. §§ 1104(e)</u>

37. Section 1104(e) compels the United States Trustee to move for appointment of a chapter 11 trustee "if there are reasonable grounds to suspect that current members of the governing body of the debtor . . . participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor . . . ."

38. Thakker signed the August and September 2018 Nilhan monthly operating repayments under penalty of perjury, declaring that they were "true and accurate to the best of his

–8–

knowledge and belief."

39. Thakker's declarations in the August and September 2018 Nilhan monthly operating reports are false. Thakker failed to disclose Nilhan's repurchase of the Property and the resulting Debtor ownership interests and liabilities. As such, these omissions present reasonable grounds of criminal violations of 11 U.S.C. §§ 152 (Concealment of Assets; False Oaths) and 157 (Bankruptcy Fraud).

40. The Trustee should be appointed in each of the five cases. Thakker is the managing partner of each LLC, and appointing a trustee in each case is the only way to determine to what extent Thakker ignored bankruptcy procedures in his management of each entity.

WHEREFORE, for the reasons set forth above, the United States Trustee submits that the appointment of an independent trustee in each of the five cases would be in the best interest of creditors, equity security holders, and other parties in interest.

> DANIEL M. MCDERMOTT
> UNITED STATES TRUSTEE
>
> Region 21
>
> */s/ Thomas W. Dworschak*
> THOMAS W. DWORSCHAK
> Georgia Bar No. 236380
> United States Department of Justice
> Office of the United States Trustee
> Suite 362, Richard B. Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, Georgia   30303
> 404-331-4437, ext. 145
> Thomas.W.Dworschak@USDOJ.gov

## CERTIFICATE OF SERVICE

   I hereby certify on November 8, 2018, I mailed a copy of the foregoing by first class United States mail, properly addressed and with correct postage to the following:

| | |
|---|---|
| M. Denise Dotson | Nilhan Developers, LLC |
| M. Denise Dotson, LLC | 6050 Peachtree Industrial Boulevard |
| P.O. Box 435 | Suite 801 |
| Avondale Estates GA 30003 | Norcross GA 30071-5721 |

             ***/s/ Thomas W. Dworschak***